## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

| | | |
|---|---|---|
| SUN LIFE ASSURANCE COMPANY OF CANADA (U.S.), | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | 5:06-CV-139 (CAR) |
| LYNN C. WILLIAMS and JEAN C. WILSON, | ) ) ) | |
| Defendants. | ) | |

## ORDER ON PLAINTIFF'S MOTION TO STRIKE OR, ALTERNATIVELY, TO DISMISS

**I.  INTRODUCTION**

Before this Court is the Motion to Strike, or in the Alternative, Motion to Dismiss Counterclaim of Lynn C. Williams ("Williams") (doc. 18) filed by Plaintiff Sun Life Assurance Company of Canada (U.S.) ("Sun Life"). For the reasons stated below, Sun Life's motion is **GRANTED IN PART**, and **DENIED IN PART**.

**II.  LEGAL DISCUSSION**

**A.  Motion to Strike**

Federal Rule of Civil Procedure 12(f) permits a Court, upon motion of a party, to strike "from any pleading any insufficient defense or any redundant, immaterial,

impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "[I]t is well established that the action of striking a pleading should be sparingly used by the courts. . . . It is a drastic remedy to be resorted to only when required for the purposes of justice." *Augustus v. Bd. of Pub. Instruction*, 306 F.2d 862, 868 (5th Cir. 1962)[1] (quoting *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953)). Disputed questions of fact "cannot be decided on a motion to strike." *Id.* Moreover, "when there is no showing of prejudicial harm to the moving party, the courts generally are not willing to determine disputed and substantial questions of law upon a motion to strike." *Id.* "Under such circumstances, the court may properly . . . defer action on the motion and leave the sufficiency of the allegations for determination on the merits." *Id.*

Sun Life argues that "Section D" of Williams's Answer contains certain statements that should be stricken as "immaterial and impertinent." (Pl.'s Br. Supp. Mot. Strike, doc. 18, at 4.) According to Sun Life, Williams's statements are immaterial and impertinent because they assert claims that are unrelated to the "only issue" for the Court's determination: "whether interpleader is an appropriate method for handling the competing claims to the annuity proceeds currently held by Sun Life." (*Id*. at 5.)

Defendant Williams is proceeding *pro se* in the instant action. In this Circuit, "[*p*]*ro*

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as precedent all Fifth Circuit decisions handed down before October 1, 1981.

*se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). Upon review, Section D appears to be a counterclaim for damages, rather than a responsive pleading to Sun Life's Complaint in Interpleader.[2] Because the Court construes Section D as a counterclaim, Section D will not be stricken as immaterial and impertinent, even though it was not properly pleaded as a counterclaim. The bases for the Court's decision are twofold. First, Sun Life has made no showing that prejudice would result if Section D were not stricken. *See Augustus*, 306 F.2d at 868. Second, Williams's counterclaim raises numerous issues of fact, some of which are likely to be disputed, which makes it particularly unsuited for disposition on a motion to strike. *See id.*

The Court now turns to Sun Life's alternative argument.

**B.      Motion to Dismiss**

Anticipating that this Court would construe Section D as a counterclaim, Sun Life argues, in the alternative, that Williams's counterclaim should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

---

[2] In Section D, Williams alleges Sun Life is liable to her for: (1) "Intentional breach of Federal Privacy of Information Laws"; (2) "Knowing and willful delay of payment of monies due to [her]"; (3) Negligence for "receiving monies from a new client . . . without vetting the application information"; (4) "Failure to audit Sun Life Agent, Terence Collins, nor [sic] to enforce standards of ethical behavior"; (4.1) "Soliciting the sale of a financial [i]nstrument to an elderly client confined in a nursing home"; (4.2) "Knowing, and, intentional falsifying of application information"; (4.3) "Intentionally misstating or failing to fully explain to the client, the true costs levied as a penalty for the premature surrender of [an annuity]." (Def. Williams's Answer, doc. 8, at 6.)

A court should grant a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure only when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). When considering a Rule 12(b)(6) motion, the court's function is not to assess the veracity or weight of the evidence that might be offered in support of the counterclaim; instead, the court must merely determine whether the counterclaim is legally sufficient. *See* *Sherman ex rel. Sherman v. Helms*, 80 F. Supp. 2d 1365, 1368 (M.D. Ga. 2000). The court also must accept all material facts alleged in the counterclaim as true, and it must construe all reasonable inferences in the light most favorable to the defendant. *See Kirby v. Siegelman*, 195 F.3d 1285, 1289 (11th Cir. 1999) (per curiam). If the facts alleged in the counterclaim would allow the defendant to recover under any possible theory, the motion to dismiss must be denied, regardless of whether the facts would allow recovery under the particular theory pleaded by the defendant. *See Linder v. Portocarrero*, 963 F.2d 332, 336 (11th Cir. 1992).

To satisfy the pleading requirements of Rule 8, a counterclaim must simply give the opposing party fair notice of what the defendant's claim is and the grounds upon which it rests. *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 512 (2002). Dismissal is warranted if, assuming the truth of the factual allegations of the pleading, "a dispositive issue of law" precludes relief. *Neitzke v. Williams*, 490 U.S. 319, 326 (1989). Thus, the main issue for

4

determination in a 12(b)(6) motion is not whether the counter-claimant will ultimately prevail on her claim, but whether her allegations are sufficient to allow discovery as to their proof.

Here, Sun Life argues that Williams's counterclaim should be dismissed because most of her allegations are "wholly incomprehensible, and, therefore, fail to provide notice to Sun Life of the claim alleged or the grounds on which the claim is based." (Pl.'s Br. 6.) As for the remaining counterclaims wherein "a legal theory is arguably referenced," Sun Life maintains that dismissal is nonetheless appropriate because "Claimant Williams has failed to allege either the essential elements necessary to establish the causes of action or the facts in support of the essential elements of the causes of action." (Pl.'s Br. 6-7.) For her part, Williams contends that her counterclaims "are supported by legitimate principles and doctrines of law," such that Sun Life has adequate notice of the claims asserted against it. (Def. Williams's Resp. Pl.'s Mot. Strike, doc. 23, at 10.) For the sake of clarity, the Court will address the legal sufficiency of each count of Williams's counterclaim separately, below.

**1. "Intentional Breach of Federal Privacy of Information" Claim**

The first cause of action ("count one") enumerated in Williams's counterclaim is based on Sun Life's alleged "intentional breach of Federal Privacy of Information Laws for the apparent purpose of creating cause to initiate Court action in an interpleader

complaint." (Def. Williams's Answer, doc. 8, at 6.) Sun Life contends that this count should be dismissed for three reasons. First, "it is impossible for Sun Life to determine from the allegations what act allegedly caused injury to Claimant Williams by the intentional breach of Federal Privacy of Information Laws." Second, "there are no factual allegations indicating the information that Sun Life may have improperly accessed or what Sun Life may have breached to attain it." Third, "Sun Life has been unable to identify any statute entitled or referred to as "Federal Privacy of Information Law." (Pl.'s Br. 7 (internal quotation marks omitted)).

After examining count one of Williams's counterclaim, it is clear that she has not, at this time, stated a legal claim for relief. Ordinarily, this finding would warrant a dismissal; however, in light of Williams's *pro se* status, the Court sua sponte **ORDERS** Williams to file a more definite statement in support of count one. This statement shall include, among other things, the factual basis for count one—including the conduct by Sun Life giving rise to this claim, along with the precise federal statute(s) (and appropriate citation(s)) upon which she relies to support her allegations. Accordingly, Sun Life's motion to dismiss count one of Williams's counterclaim is hereby **DENIED WITHOUT PREJUDICE**. Sun Life may renew its motion to dismiss this count if, after further elaboration by Williams, she has still failed to assert a legal claim for relief.

## 2. "Knowing and Willful Delay of Payment"

The second cause of action ("count two") enumerated in Williams's counterclaim is for Sun Life's "knowing and willful delay of payment of monies due and owing to the defendant(s)." (Def. Williams's Answer 6.) Sun Life seeks dismissal of this count, as well, contending that its initiation of the instant interpleader action did not constitute a willful delay of payment, as "the very purpose of interpleader is to assist the insurer in such a moment of uncertainty so that it does not have to determine the rightful claimant at its peril." (Pl.'s Br. 8.) The Court agrees.

Despite the fact that Williams does not allege any facts in support of count two, it is clear that this claim, to the extent that it is based on Sun Life's having opted to proceed via an interpleader complaint rather than having chosen from among competing adverse claimants, is without merit. Stated plainly, an interpleader action is proper when "[p]ersons having claims against the plaintiff . . . are such that the plaintiff is or may be exposed to double or multiple liability." Fed. R. Civ. P. 22(a). Here, it is clear that Williams and her co-defendant, Jean C. Wilson ("Wilson"), have adverse claims to the proceeds, as both individuals are listed as contingent beneficiaries to the annuity proceeds at issue in this case. It is equally apparent that Sun Life, as stakeholder of the proceeds, faces the possibility of double liability if it pays the annuity proceeds to the wrong claimant. Therefore, the present interpleader action is properly before the Court, and count

7

two of Williams's counterclaim is accordingly **DISMISSED**. *See, e.g.,* ***Lutheran Brotherhood v. Comyne***, 216 F. Supp. 2d 859, 862-63 (E.D. Wisc. 2002); ***U.S. Trust Co. v. Alpert***, 10 F. Supp. 2d 290, 307 (S.D.N.Y. 1998).

**3. "Negligent Receipt of Monies"**

The third cause of action ("count three") enumerated in Williams's counterclaim is based on Sun Life's "[n]egligence as follows: receiving monies from a new client . . . without vetting the application information." (Def. Williams's Answer 6.) Sun Life submits that count three should be dismissed for three reasons: (1) "It is [ ] unclear from the complaint what duty Sun Life owed Claimant Williams, identified only as a contingent beneficiary to the annuity, with regard to vetting the application"; (2) "there are no factual allegations as to how Sun Life breached these unnamed and unknown duties, how Sun Life failed to vet the application, what information was necessary for the application process, or how this alleged failure to vet the application information constitutes negligence"; and (3) "Claimant Williams provides no allegation . . . as to how Sun Life's alleged negligence resulted in damage to Claimant Williams." (Pl.'s Br. 9 (internal quotation marks omitted)).

Count three of Williams's counterclaim, even when viewed in its most positive light, does not state a legal claim for relief. The Court is unaware of any case or statutory provision that requires insurers to "ve[t] . . . application information." In the absence of a legal duty to "ve[t]" the "application information" submitted on behalf of Williams's

8

mother, Martha Craig (the purchaser of the annuity), Williams is not entitled to relief based on the grounds she asserted in count three. Accordingly, count three of Williams's counterclaim is hereby **DISMISSED**.

**4. "Failure to Audit Sun Life Agent Terence Collins"**

The fourth cause of action ("count four") enumerated in Williams's counterclaim is based on Sun Life's alleged "[f]ailure to audit Sun Life Agent, Terence Collins,[3] nor [sic] to enforce standards of ethical behavior, particularly when dealing with a (new) senior client." (Def. Williams's Answer 6.) According to Williams, Sun Life's "negligent management practice, clearly substandard for the industry, [ ] links Sun Life Company, with the apparent unethical, and possibly criminal actions of Sun Life agent, Terence Collins." (*Id.*) In response, Sun Life claims that these allegations, too, are unfounded because: (1) "there are no facts presented to support the assertion that Collins was an agent of Sun Life or that Sun Life would be responsible for any actions of Collins; and (2) "there is no allegation that Sun Life owed any duty to Claimant Williams generally, or with respect to the actions of Collins, nor does she provide any basis for how these alleged actions of Collins are actionable or resulted in damages to her." (Pl.'s Br. 10.)

Based on the facts alleged in count four, the Court finds that Williams has stated a

---

[3] In her Answer, Williams identified Terence Collins ("Collins") as her parents' "financial advisor," who purportedly assisted them in "initiating some investments, withdrawing funds, and in several cases, surrendering others." (Def. Williams's Answer 2.)

9

cause of action against Sun Life for Collins's "unethical, and possibly criminal actions." (Def. Williams's Answer 6.) While it is true that Sun Life cannot be held vicariously liable for Collins's actions unless Collins was an actual employee/agent of Sun Life, *Cotton States Mut. Ins. Co. v. Kinzalow*, 634 S.E.2d 172, 174 (Ga. Ct. App. 2006), the Court must assume, at this stage of the proceedings, that Williams's assertion concerning the agency relationship between Collins and Sun Life is true. *See Kirby*, 195 F.3d at 1289. Accordingly, Sun Life's motion to dismiss count four of Williams's counterclaim is hereby **DENIED**.

### III. CONCLUSION

For the foregoing reasons, Plaintiff Sun Life's Motion to Strike, or in the Alternative, Motion to Dismiss Counterclaim of Lynn C. Williams ("Williams") (doc. 18) is hereby **GRANTED IN PART**, and **DENIED IN PART**. Specifically, the Court orders as follows:

1. Plaintiff's Motion to Strike Williams's Counterclaim is **DENIED**.

2. Plaintiff's Motion to Dismiss Williams's Counterclaim is **GRANTED** with respect to counts <u>two</u> and <u>three</u>, but is **DENIED WITHOUT PREJUDICE** with respect to count <u>one</u>, and **DENIED WITH PREJUDICE** as to count <u>four</u>.

3. In lieu of dismissing <u>count one</u> of Williams's counterclaim, the Court sua sponte **ORDERS** Williams to file a more definite statement in

support of this claim within <u>10 DAYS</u> of the date hereof.

SO ORDERED, this 7th day of March, 2007.

<u>S/ C. Ashley Royal</u>
C. ASHLEY ROYAL, JUDGE
UNITED STATES DISTRICT COURT

JAB/aeg