IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| SUN LIFE ASSURANCE COMPANY OF CANADA (U.S.), | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | 5:06-CV-139 (CAR) |
| LYNN C. WILLIAMS and JEAN C. WILSON, | ) ) ) | |
| Defendants. | ) | |

## ORDER ON DEFENDANT WILLIAMS'S MOTION FOR SUMMARY JUDGMENT

### I. INTRODUCTION

Plaintiff Sun Life Assurance Company of Canada (U.S.) ("Sun Life") filed the instant interpleader action in this Court on May 3, 2006, seeking this Court's resolution of the adverse claims asserted to the death benefit of the Keyport Index Multipoint Annuity, Contract Number KA12698876 ("Annuity"), Sun Life issued to Martha H. Craig, now deceased. Named Defendants Jean C. Wilson ("Wilson") and Lynn C. Williams ("Williams") are competing claimants to the Annuity's death benefit. Defendant Williams, proceeding *pro se*, filed a Motion for Summary Judgment (doc. 25) shortly after discovery began in this case, seeking miscellaneous forms of relief. For the reasons stated below, Williams's motion is **DENIED**.

1

## II. FACTUAL AND PROCEDURAL HISTORY

On May 5, 2003, Sun Life issued the Annuity to Martha Craig upon receipt of an initial purchase payment of $86,879.70 from Jackson National Life Insurance Company ("Jackson National"). (Compl., doc. 1, at ¶ 6; Pl.'s Br. Resp. Def. Williams's Mot. Summ. J., doc. 34, at 1.) In her Annuity application, Martha Craig designated her husband, Henry N. Craig, as the primary beneficiary, and her daughters, Wilson and Williams, as the contingent beneficiaries. (*Id.* at 2.) An insurance agent named Terence Collins ("Collins"), an employee of Jackson National and de facto financial advisor for the Craigs, allegedly solicited and processed Martha Craig's Annuity application. (Def. Williams's Br. Supp. Mot. Summ. J., doc. 25, at 4; Pl.'s Br., Ex. A, at 6.)

Martha Craig died on April 16, 2005. (Pl.'s Br. 2.) Following Martha Craig's death, her husband (Henry Craig) did not file a claim for the Annuity's death benefit. (*Id.*) On September 27, 2005, Henry Craig died. (*Id.*) From the time the Annuity was issued to Martha Craig until her death, Sun Life received no change-of-beneficiary request(s) for the Annuity. (*Id.*) After Henry Craig's death, however, Sun Life did receive "a claim from Lynn Williams for the entire death benefit," as well as a "claim from Jean Wilson that she and Lynn Williams [we]re both the beneficiaries of the death benefit." (Pl.'s Br., Michael-Ellen Wood Aff., at ¶¶ 12-13.)

Upon deciding "that it could not adequately determine the beneficiaries for the

2

Annuity," Sun Life filed the instant interpleader action, naming both Wilson and Williams as Defendants. (Pl.'s Br. 2.) Both Defendants filed answers to Sun Life's Complaint, and subsequently requested a recalculation or accounting of the death-benefit amount due on the Annuity. (Def. Wilson's Resp. Def. Williams's Mot. Summ. J., doc. 39, at 2; Def. Williams's Answer, doc. 8, at 3.) Additionally, Williams asserted a counterclaim against Sun Life, alleging, among other things, that Collins fraudulently induced Martha Craig's purchase of the Annuity, and that Sun Life was wholly or partially responsible for Collins's fraud. (Def. Williams's Answer 6.)

On June 13, 2006, Sun Life moved to deposit funds representing the value of the Annuity's death benefit into the registry of the Court. (Pl.'s Mot. Deposit, doc. 10, at 1.) Shortly thereafter, Sun Life filed a Motion to Strike, or in the Alternative, to Dismiss Williams's counterclaim (doc. 18). On August 3, 2006—just four days after the Court's Scheduling and Discovery Order (doc. 24) was entered—Williams filed her Motion for Summary Judgment (doc. 25).

On February 12, 2007, this Court entered an Order (doc. 56) granting Sun Life's Motion to Deposit Funds, and directing Sun Life to deposit funds in the amount of $87,596.17 into the registry of the Court. On February 16, 2007, Sun Life moved to amend the Court's February 12 Order after learning that "its prior calculation of the [Annuity's] death benefit was incorrect." (Pl.'s Mot. Am., doc. 57, at ¶ 4.) Based on Sun Life's

3

recalculation of the death benefit amount due, the amount to be deposited into the Court's registry was actually $94,044.40. (*Id.* at ¶ 4.) On February 21, 2007, this Court granted Sun Life's Motion to Amend, and directed Sun Life to deposit the amount as recalculated into the Court's registry. (Order, doc. 58, at 2.)

Before the Court is the Motion for Summary Judgment (doc. 25) filed by *pro se* Defendant Williams. Though styled a "Motion for Summary Judgment," Williams's motion, in substance, largely seeks miscellaneous forms of substantive and procedural relief not typically awarded on summary judgment. Where appropriate, then, the Court will address Williams's requests for relief in the context of the most applicable rule of civil procedure, rather than under the summary-judgment standard outlined in Federal Rule of Civil Procedure ("FRCP") 56.

### III. LEGAL DISCUSSION

In her motion, Williams seeks three forms of relief: (1) "an Order for Summary Judgment of [Plaintiff's] Complaint in Interpleader"; (2) "an immediate Order for Joinder, summoning Terence Collins as a necessary party to this action"; and (3) "a corresponding Order of Misjoinder, recognizing and removing Defendant Wilson as a party incorrectly joined in this complaint." (Def. Williams's Mot. Summ. J., doc. 25, at 4.) The Court will address each request in turn, below.

**A.    Motion for "Order for Summary Judgment of Complaint in Interpleader"**

Williams's first request in her Motion for Summary Judgment is for an "Order for Summary Judgment of this Complaint for Interpleader." According to Williams, she is entitled to summary judgment because, after minimal discovery had taken place, Sun Life "ha[d] not substantiated" its "entitlement" to an interpleader, or proved "that it [w]as qualified to be discharged concurrent with a deposit into the registry of the Court." (Def. Williams's Mot. Summ. J. 2.) In fact, Williams contends that "Sun Life [ ] deliberately misused an Interpleader Complaint as a tactic to obscure their involvement and responsibility for the torts" outlined in her counterclaim. (*Id.*)

The Court will not address Williams's latter contention regarding Sun Life's "deliberat[e] misus[e] of an Interpleader Complaint" in light of the Court's prior holding that, due to Sun Life's potential exposure to double liability, Sun Life was entitled to bring the instant interpleader action. As for Williams's remaining contentions concerning Sun Life's right to be discharged from the proceedings and Sun Life's alleged vicarious liability, because the record before it is incomplete at best, the Court finds it inappropriate to consider Williams's prematurely-filed motion at this time. Therefore, the Court hereby DENIES Williams's summary-judgment motion as it relates to those claims WITHOUT PREJUDICE to the motion being renewed at a later time. *See* 10A Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice and Procedure* § 2718 (3d ed. 1998) (noting that "it is within the trial court's discretion to deny a motion for summary

5

judgment without prejudice to its being renewed at a later time").

**B.     Order for Joinder**

In her summary-judgment motion, Williams also seeks to join Terence Collins as a party, claiming that his presence is "necessary to ensure just adjudication" of her counterclaim against Sun Life. (Def. Williams's Br. 4.) Sun Life claims that Collins's joinder would be improper because Williams has not "compl[ied] with the proper procedural rules to add . . . parties." (Pl.'s Resp. Br. 10.) Sun Life also asserts that Collins's joinder is not necessary for the adjudication of the issues central to this action because "Collins is not a named beneficiary in the Annuity and he has never made a claim to the death benefit." (*Id.*)

The Court will not deny Williams's request for joinder simply because she failed to comply with the joinder requirements set forth in the Federal Rules of Civil Procedure. Because pro se filings are to be liberally construed,[1] the Court will treat Williams's request to add Collins as a necessary party as a motion for joinder under FRCP 19.

Joinder pursuant to Rule 19 involves a two-step inquiry. The first step requires the court to determine whether the person in question fits the definition of those who should "be joined if feasible" under Rule 19(a). *See* **Provident Tradesmens Bank v. Patterson**, 390 U.S. 102, 118 (1968). According to Rule 19(a), a person should be joined, when feasible,

---

[1] *See* **Tannenbaum v. United States**, 148 F.3d 1262, 1263 (11th Cir. 1998).

6

> if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

Fed. R. Civ. P. 19(a). If the person is an indispensable party, as that term is defined in Rule 19(a), but joinder is not feasible, then the Court must "inquire whether, applying the factors enumerated in Rule 19(b),[2] the litigation may continue." *Challenge Homes, Inc. v. Greater Naples Care Ctr.*, 669 F.2d 667, 668 (11th Cir. 1982).

Here, the Court's first task is to determine whether Collins is a person who should be joined if feasible under Rule 19(a). "In making this decision, pragmatic concerns, especially the effect on the parties and the litigation, control." *Id.* at 669 (internal citations and quotation marks omitted). In this case, pragmatic concerns, in conjunction with a careful examination of the factors outlined in Rule 19(a), lead this Court to conclude that Collins is not an indispensable party.

With respect to the first factor for consideration, the only persons with any interest

---

[2] In step two, the court must decide, using four factors, "whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed." Fed. R. Civ. P. 19(b). "The factors to be considered include: first, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder." *Id.*

in the Annuity proceeds at issue are Williams and Wilson, both of whom are already named Defendants. Therefore, Williams can be granted complete relief (assuming, of course, that she is found to be entitled to all or part of the Annuity proceeds), in the form of payment of the death benefit, without joining Collins in the suit. To the extent that Williams argues that she cannot be accorded complete relief on her counterclaim in Collins's absence, that argument is also rejected. It is true that Collins has an interest in this litigation inasmuch as any recovery by Williams on her counterclaim against Sun Life would be partly based on a finding that Collins defrauded Williams's mother, Martha Craig. But Collins's absence as a party will not impede Williams's ability to litigate her counterclaim against, or obtain complete relief from, Sun Life. *See id.* at 670; *see also* ***Pujol v. Shearson/Am. Express, Inc.***, 877 F.2d 132, 136 (1st Cir. 1989) ("The mere fact [ ] that Party A, in a suit against Party B, intends to introduce evidence that a non-party, C, behaved improperly does not, by itself, make C a necessary party.") The fact remains, then, that Collins has absolutely no interest in the subject matter of the interpleader, and the judgment therefore will have no effect, practical or otherwise, on him. *See* ***Challenge Homes***, 667 F.2d at 670.

The second factor for consideration under Rule 19(a) presents a closer question. This portion "focuses on possible prejudice either to the absent party, Rule 19(a)(2)(i), or the present litigants, Rule 19(a)(2)(ii)." ***Id.*** As previously noted, Collins unquestionably

8

has an interest in this litigation; however, the Court cannot safely say that Collins's absence jeopardizes his interests or subjects any party to multiple or inconsistent obligations. Because Collins is not a party to this suit, and will not be able to litigate his role in the issuance of the Annuity, he will not be legally bound by the judgment under principles of res judicata or collateral estoppel. *Id.* Therefore, Collins will have a full opportunity to litigate his participation in any fraud should Williams (or Wilson) sue him for damages in the future. The fact that the judgment in this suit would have no legally preclusive effect as to Collins does not end the analysis, however. As the Supreme Court has noted:

> A court may not proceed without considering the potential effect on nonparties simply because they are not 'bound' in the technical sense. Instead as Rule 19(a) expresses it, the court must consider the extent to which the judgment may 'as a practical matter impair or impede his ability to protect' his interest in the subject matter.

*Provident Tradesmens*, 390 U.S. at 110. Even after considering the Supreme Court's foregoing admonition, the Court can safely conclude that Collins has absolutely no interest in the subject matter of the suit, i.e. the Annuity proceeds. Hence, a judgment resolving the issue of who is entitled to the proceeds will have no effect, practical or otherwise, on Collins. As a result, the Court finds that Collins's interest in this suit would not be prejudiced by his absence as a party. *See* **Challenge Homes**, 667 F.2d at 670-71.

Under the final consideration under Rule 19(a), the Court must determine whether,

9

given Collins's interest in the litigation, Sun Life might be subject to multiple or inconsistent liability. The only possible prejudice to Sun Life would arise if an agency relationship existed between Sun Life and Collins at the time of Collins's allegedly fraudulent actions, Sun Life was adjudged liable for Collins's actions, and Sun Life unsuccessfully sought indemnity from Collins for all or part of its liability. *See, e.g.*, ***Auto-Owners Ins. Co. v. Anderson***, 556 S.E.2d 465, 467 (Ga. Ct. App. 2001). Because Collins would not be legally bound by a judgment in this case, Sun Life could theoretically lose a later suit for indemnity against Collins. Sun Life can guard against this possibility, however, by impleading Collins under FRCP 14. Therefore, Sun Life suffers no prejudice by Collins's absence. *See* ***Challenge Homes***, 667 F.2d at 671. Because none of the factors examined above weigh in favor of Collins's inclusion, then, the Court finds that Collins is not an indispensable party who must be joined under Rule 19(a). Accordingly, Williams's motion to join Collins as a party is hereby **DENIED**.

**C.     Order of Misjoinder**

In her final enumeration, Williams requests that this Court "declare a misjoinder . . . dropping Defendant Wilson as a party to this complaint." (Def. Williams's Br. 2.) According to Williams, a declaration of misjoinder with respect to Defendant Wilson is appropriate because "Defendant Wilson's legal objective 'dovetails' with the plaintiff's stated legal objectives; but both are diametrically opposed to Defendant Williams's

position thus rendering the relative positions of the parties 'unbalanced' and improperly joined." (*Id.* at 2.) In response, Sun Life maintains that Wilson is a "necessary and proper party" because Wilson is a contingent beneficiary of the Annuity's death benefit to which she and Williams have asserted claims. (Pl.'s Br. 11.) The Court agrees.

Under FRCP 21, "parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and *on such terms as are just*." Fed. R. Civ. P. 21 (emphasis added). Implicit in this Court's prior holding that Sun Life's potential exposure to double liability entitled it to bring an interpleader action was a recognition that contingent beneficiaries Wilson and Williams both have tenable claims to the Annuity proceeds. Based on the record before the Court, then, the Court finds that Wilson is a necessary and proper party to the instant interpleader action. Accordingly, Williams's summary-judgment motion with respect to her request for an "Order of Misjoinder" is hereby **DENIED**.

## IV.   CONCLUSION

For the foregoing reasons, Defendant Williams's "Motion for Summary Judgment" (doc. 25) is hereby **DENIED WITHOUT PREJUDICE** with respect to her contentions concerning Sun Life's right to be discharged from the proceedings and Sun Life's alleged vicarious liability, and **DENIED WITH PREJUDICE** with respect to her requests for the joinder of Terence Collins as an indispensable party, and the misjoinder of Defendant

Wilson.

SO ORDERED, this 7th day of March, 2007.

                                    S/ C Ashley Royal
                                    C. ASHLEY ROYAL, JUDGE
                                    UNITED STATES DISTRICT COURT

JAB/aeg