IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| SUN LIFE ASSURANCE COMPANY OF CANADA (U.S.), | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | 5:06-CV-139 (CAR) |
| LYNN C. WILLIAMS and JEAN C. WILSON, | ) ) ) | |
| Defendants. | ) | |

## ORDER ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Before the Court is the Motion for Summary Judgment (doc. 34) filed by Plaintiff Sun Life Assurance Company ("Sun Life"). Sun Life filed the instant cross motion for summary judgment on September 6, 2006, in response to a summary-judgment motion (doc. 25) previously filed by *pro se* Defendant Lynn C. Williams ("Williams"). In an Order dated March 7, 2007, the Court denied Williams's summary-judgment motion. (Order, doc. 62, at 11.) The Court did not, at that time, address Sun Life's cross motion for summary judgment. The Court's subsequent review of Sun Life's motion reveals, however, that most of the issues raised in the motion have already been adjudicated.

Sun Life highlights four main issues in its cross-motion for summary judgment. First, Sun Life argues that the Court should grant its Complaint for Interpleader. (Pl.'s Br.

1

Supp. Mot. Summ. J., doc. 34, at 5.) Second, Sun Life submits that Williams's summary-judgment motion with respect to her counterclaim should be denied as prematurely filed. (*Id.* at 9.) Third, Sun Life moves for the denial of Williams's summary-judgment motion with respect to her joinder and misjoinder claims. (*Id.*) Finally, Sun Life requests an award of its "reasonable attorneys' fees" due to Williams's "impprope[r] protract[ion]" of this action. (*Id.* at 11.)

The Court has already ruled on the first three issues highlighted above. In the March 7 Order, the Court held that Sun Life was entitled to bring the instant interpleader, and denied—as prematurely filed—Williams's motion with respect to her counterclaim against Sun Life, as well as Sun Life's request to be discharged from the proceedings. (Order, doc. 62, at 5.) The Court also denied Williams's motions for joinder and misjoinder. (*Id.* at 10-11.) In light of the Court's previous determinations, Sun Life's Motion for Summary Judgment (doc. 34) is partially **MOOT**.

The only issue remaining for the Court's determination is Sun Life's request for attorneys' fees. Sun Life seeks remuneration for the time and resources it has expended in responding to Williams's various submissions—submissions Sun Life contends were "varied, difficult to follow, and often irrelevant to the issue before the Court." (Pl.'s Br. 12.)

An award of attorneys' fees to a plaintiff-stakeholder in a routine interpleader action

2

is certainly warranted when a defendant's bad faith necessitates "substantial efforts" by the stakeholder to resolve the claim. *Prudential Prop. & Cas. Co. v. Baton Rouge Bank & Trust Co.*, 537 F. Supp. 1147, 1151 (M.D. Ga. 1982). While Williams's numerous post-complaint filings have cost Sun Life a great deal of time and effort, "the mere filing of motions, without more, does not display a willful abuse of the judicial process by conduct tantamount to bad faith" on the part of Williams. *Crenshaw v. City of Defuniak Springs*, 891 F. Supp. 1548, 1560 (N.D. Fla. 1995). Notwithstanding the fact that Williams has, at times, demonstrated her lack of legal sophistication by filing motions lacking in factual or legal support (or both), she is entitled to represent herself. Courts and parties are often called upon to exercise "Job-like patience" in cases involving *pro se* litigants; this case is no different. *See Barker v. Norman*, 651 F.2d 1107, 1123 (5th Cir. 1981). In sum, the Court finds no evidence indicating that Williams has improperly protracted the proceedings, or that she has otherwise acted in bad faith. Accordingly, Sun Life's Motion for Summary Judgment with respect to its request for attorneys' fees is hereby **DENIED**.

SO ORDERED, this 24th day of May, 2007.

                S/ C. Ashley Royal
                C. ASHLEY ROYAL, JUDGE
                UNITED STATES DISTRICT COURT

JAB/ssh