IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| SUN LIFE ASSURANCE COMPANY OF CANADA (U.S.), | : : : | |
| Plaintiff, | : : | |
| v. | : : : | 5:06-CV-139 (CAR) |
| LYNN C. WILLIAMS and JEAN C. WILSON, | : : : | |
| Defendants. | : : | |

*ORDER ON MOTION TO DISMISS, CROSS MOTIONS FOR SUMMARY JUDGMENT, and MOTION TO STRIKE*

Currently before the Court are Plaintiff/Counterclaim-Defendant Sun Life Assurance Company of Canada's ("Sun Life") Renewed Motion to Dismiss Count One of the Counterclaim of Lynn C. William [Doc. 65]; Sun Life's Motion for Summary Judgment as to Count Four of the Counterclaim of Lynn C. Williams [Doc. 72]; Sun Life's Motion to Strike [Doc. 80]; and Defendant/Counter-claimant Lynn C. Williams's ("Williams") cross Motion for Summary Judgment as to Count Four of her Counterclaim [Doc. 81]; and the respective responses and replies of the parties. The Court notes that Williams is proceeding *pro se*. For the reasons stated below, the Court **GRANTS** Sun Life's Motion to Dismiss Count One of Williams's Counterclaim [Doc 65]; **GRANTS** Sun Life's Motion for Summary Judgment as to Count Four of Williams's Counterclaim [Doc 72]; **DENIES** Williams's cross-Motion for Summary

1

Judgment as to Count Four of her Counterclaim [Doc 81]; and **DENIES as moot** Sun Life's Motion to Strike [Doc 80].

## FACTUAL AND PROCEDURAL HISTORY

Sun Life originally filed this interpleader action seeking the Court's resolution of the adverse claims to the death benefit of the Keyport Index Multipoint Annuity, Contract Number KA12698876 ("Annuity") that Sun Life issued to Martha H. Craig, now deceased. Craig's daughters, Defendants Jean C. Wilson ("Wilson") and Lynn C. Williams ("Williams"), filed competing claims to the death benefits, and thus, Sun Life named both sisters as Defendants in the case. After this Court granted the interpleader, Sun Life deposited the funds into the registry of the Court. Thereafter, the Court considered how to disperse the funds and entered its Order directing the Clerk of the Court to disperse the funds in two equal shares to Wilson and Williams.[1] (See Order on Wilson's Motion for Summary Judgment, Doc. 67.)

In her Answer, Williams asserted four counterclaims against Sun Life. In response, Sun Life moved to strike, or in the alternative, to dismiss the counterclaims. The Court dismissed two of the counterclaims and let the two other claims go forward, denying *without* prejudice Count One ("Intentional Breach of Federal Privacy of Information"), and denying *with* prejudice Count Four ("Failure to Audit Sun Life Agent Terence Collins") of the counterclaim [Doc. 61].[2]

As to Count One, the Court, based on Williams's status as a *pro se* litigant, sua sponte

---

[1] The facts relating to the interpleader action are fully set forth in the Court's Order on Wilson's Motion for Summary Judgment [Doc. 67].

[2] The Court dismissed Counts Two ("knowing and Willful Delay of Payment") and Three ("Negligent Receipt of Monies").

ordered Williams to file a more definite statement in support of her claim, which she filed. In response to Williams's more definite statement, Sun Life filed its Renewed Motion to Dismiss Count One of Williams's Counterclaim, which is currently before the Court, arguing that Count One still fails to state a claim upon which relief may be granted.

As to Count Four, the Court in its previous Order found that Williams had stated a cause of action against Sun Life. Thus, the parties were allowed to engage in discovery as to Count Four and have now filed cross-motions for summary judgment addressing this remaining counterclaim.

## DISCUSSION

**I.     Sun Life's Renewed Motion to Dismiss Count One of Williams's Counterclaim**

Having denied Sun Life's original motion to dismiss without the prejudice and allowing Williams to file a more definite statement, which she filed, Sun Life has now renewed its Motion. Sun Life argues that Count One of Williams's Counterclaim, entitled "Intentional Breach of Federal Privacy Information Laws," still fails to state a claim upon which relief may be granted. The Court agrees.

In her Statement in Response to the Order of the Court for Clarification of her Counterclaim [Doc. 63], Williams alleges that Sun Life unlawfully released private information about the Annuity to her sister, the competing claimant. Specifically, Williams states that she provided Sun Life private, personal information about the deaths of her parents, such as "cause of death, location at time of death, etc.," for the purpose of making a claim to the proceeds of the Annuity, which she claims is the property of her father's estate. The alleged wrong occurred

3

when Sun Life subsequently sent a letter to both she and her sister providing information about the Annuity and notifying both of them that they were listed as contingent beneficiaries on Mrs. Craig's application. Williams alleges that the letter contained the following "private" information which was improperly released to her sister: the existence of the Annuity, the amount of the Annuity, and the fact both Williams and Wilson were listed as contingent beneficiaries. Williams alleges that because she, as executor of the estate, did not give Sun Life approval to notify Claimant Wilson of her possible claim to the proceeds, Sun Life has breached unnamed federal privacy laws.

    A.    <u>Standard for Rule 12(b)(6) Motion to Dismiss</u>

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) attacks the legal sufficiency of the complaint. A complaint should not be dismissed for failure to state a claim unless the Plaintiff can prove no set of facts entitling her to relief. <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984); <u>United States v. Baxter Int'l, Inc.</u>, 345 F.3d 866, 880 (11th Cir. 2003). The Court is to presume true all of the complaint's allegations and make reasonable inferences in favor of the plaintiff. <u>Duke v. Cleland</u>, 5 F.3d 1399, 1402 (11th Cir. 1993). The rules require nothing more than a "short and plain statement" that will give the defendant fair notice of the claims and the grounds upon which they are based. <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957). However, "[t]o survive a motion to dismiss, plaintiffs must do more than merely state legal conclusions; they are required to allege some specific factual bases for those conclusions or face dismissal of their claims." <u>Jackson v. BellSouth Telecoms.</u>, 372 F.3d 1250, 1263 (11th Cir. 2004). A complaint must provide the defendant with fair notice of the plaintiff's claims and the

grounds upon which they rest. See Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness, 711 F.2d 989, 995 (11th Cir. 1983).

    B.    Discussion

Accepting as true all facts Williams alleges in Count One of her Counterclaim, she has provided no set of facts entitling her to relief. In its Order on Sun Life's original motion to dismiss Count One of the Counterclaim, this Court instructed Williams to include in her statement, "among other things, the factual basis for count one – including the conduct by Sun Life giving rise to this claim, along with the precise federal statute(s) (and appropriate citation(s)) upon which she relies to support her allegations." (Order on Plaintiff's Motion to Strike or, Alternatively, to Dismiss, Doc. 61) (emphasis in original).

Despite these instructions, Williams has not identified any federal statute nor has she alleged a factual basis in support of any legal claim for relief for Sun Life's alleged intentional breach of federal privacy information laws. Essentially, Williams asserts that Sun Life is liable for violating unnamed federal privacy laws because it notified Claimant Wilson that she was a listed contingent beneficiary on the Annuity. Williams has not indicated how information about the existence of the Annuity is private information. Moreover, Williams has alleged no injury as a result of Sun Life's notification of the existence of the Annuity.

As in its earlier Orders in this action, the Court recognizes that because Williams is proceeding *pro se*, her pleadings must be liberally construed. See, e.g., Trawinski v. United Technologies, 313 F.3d 1295, 1297 (11th Cir. 2002). However, nothing in that leniency excuses her from compliance with the threshold regiments of the Federal Rules of Civil Procedure.

Loren v. Sasser, 309 F.3d 1296, 1304 (11th Cir. 2002). Moreover, the leniency to which *pro se* litigants are entitled "does not give a court license to serve as de facto counsel for a party . . . or to rewrite an otherwise deficient pleading in order to sustain an action." GJR Invs. v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998). Thus, even though a *pro se* complaint must be construed liberally, it still must state a claim upon which the Court can grant relief.

Having failed to identify the federal privacy laws at issue, how the information forming the basis of her argument is private, how that information is protected by any federal privacy statute, how Sun Life's conduct violated any federal privacy statute, or how she has been damaged by the alleged breach, Williams has failed to state a claim upon which relief can be granted. Therefore, Sun Life's Motion to Dismiss is **GRANTED**, and Count One of Wilson's counterclaim is **HEREBY DISMISSED**.

**II.     Cross Motions for Summary Judgment as to Count Four of Williams's Counterclaim**

Both Sun Life and Williams have filed motions for summary judgment arguing they are entitled to judgment as a matter of law on Count Four of Williams's Counterclaim. Williams alleges in Count Four that Sun Life is liable for certain fraudulent actions by Terence Collins, the agent who originally sold the Annuity to Williams's mother, Mrs. Craig. As stated in her counterclaim, Williams alleges that Sun Life is liable for:

> 4. Failure to audit Sun Life Agent Terence Collins, nor [sic] to enforce standards of ethical behavior, particularly when dealing with a (new) senior client (stating of age is mandatory on the application). This negligent management practice, clearly substandard for the industry, thus, links the Sun Life Company, with the apparent unethical, and possibly criminal actions of Sun Life agent, Terrence Collins:

> 4.1. Soliciting the sale of a financial Instrument to an elderly client confined to a nursing home, for the purpose of acquiring monies associated with commissions paid (by Sun Life) to market the Keyport products
>
> 4.2. Knowing, and, intentional falsifying of application information in order to give the appearance of contract initiation in a state other than the resident state of the client
>
> 4.3 Intentionally misstating or failing to fully explain to the client, the true costs levied as a penalty for the premature surrender of JNL contract No. 1000113430, a one (1) year old annuity that was purchased with a seven (7) year payout, and 'front end loaded' to provide maximum (i.e. Bonus Max) return in the first year . . . .
>
> 4.4. Using interstate telecommunications for the purpose of soliciting and facilitating a financial investment transaction without a license to practice in the State of Georgia."

As pleaded in her counterclaim, Count Four is framed as a vicarious liability claim against Sun Life for Collins's alleged fraudulent actions.

Raised for the first time in her Motion for Summary Judgment, Williams now argues that the claim is not only a vicarious liability claim but also a direct liability claim against Sun Life for its "failure to responsibly verify obviously falsified application documents and [its] subsequent processing of a bogus application. . . ." [Doc. 81]. Although Williams's *pro se* pleadings must be liberally construed, they must also comply with the threshold requirements of the Federal Rules of Civil Procedure. Tawinski, 313 F.3d at 1297. To satisfy the pleading requirements of Rule 8, a counterclaim must simply give the opposing party fair notice of what the Defendant's claim is and the grounds upon which it rests. Swierkiewiex v. Sorema, N.A., 534 U.S. 506, 512 (2002). As pled, Williams gives Sun Life no notice of a claim for its alleged failure to verify "falsified application documents and [its] subsequent processing of bogus

applications." Liberal construction of a pleading does not entitle the Court "to conjure up unpled allegations." McFadden v. Lucus, 713 F.2d 143, 147 n. 4 (5th Cir. 1983).

Although Williams was permitted to file a motion to amend her Counterclaim to include this new allegation, she has never done so. It is only in her Motion for Summary Judgment that she raises this claim, and a motion for summary judgment is not a proper mechanism for amending a complaint. See Hurlbert v. St. Mary's Health Care Sys., Inc., 439 F.3d 1286, 1297 (11th Cir. 2006) (having proceeded through discovery without seeking to amend complaint to reflect new theory of cause of action, plaintiff "was not entitled to raise it in the midst of summary judgment"); Gilmour v. Gates, McDonald and Co., 382 F.3d 1312, 1315 (11th Cir. 2004). The fact that Williams is *pro se* does not excuse her failure to amend her counterclaim prior to the end of the discovery period and in the midst of summary judgment.

Having determined that Count Four asserts only claims for vicarious liability, the Court now turns to the merits of the cross-Motions for Summary Judgment.

A.   Standard of Review

Summary judgment must be granted if "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Johnson v. Clifton, 74 F.3d 1087, 1090 (11th Cir. 1996). Not all factual disputes render summary judgment inappropriate; only a genuine issue of material fact will defeat a properly supported motion for summary judgment. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). This means that summary judgment may be granted if there is insufficient evidence for a reasonable jury to return a verdict

for the nonmoving party or, in other words, if reasonable minds could not differ as to the verdict. See id. at 249-52.

In reviewing a motion for summary judgment, the court must view the evidence and all justifiable inferences in the light most favorable to the nonmoving party, but the court may not make credibility determinations or weigh the evidence. See id. at 254-55; see also Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000). The moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact" and that entitle it to a judgment as a matter of law. Celotex, 477 U.S. at 323 (internal quotation marks omitted).

If the moving party discharges this burden, the burden then shifts to the nonmoving party to go beyond the pleadings and present specific evidence showing that there is a genuine issue of material fact (i.e., evidence that would support a jury verdict) or that the moving party is not entitled to a judgment as a matter of law. See Fed. R. Civ. P. 56(e); see also Celotex, 477 U.S. at 324-26. This evidence must consist of more than mere conclusory allegations or legal conclusions. See Avirgan v. Hull, 932 F.2d 1572, 1577 (11th Cir. 1991). Ultimately, summary judgment must be entered where "the nonmoving party has failed to make a sufficient showing on an essential element of [his] case with respect to which [he] has the burden of proof." Celotex, 477 U.S. at 323.

The standard of review for cross-motions for summary judgment does not differ from the standard applied when only one party files a motion, but simply requires a determination of whether either of the parties deserves judgment as a matter of law on the facts that are not disputed. Am. Bankers Ins. Group v. United States, 408 F.3d 1328, 1331 (11th Cir. 2005). The court must consider each motion on its own merits, resolving all reasonable inferences against the party whose motion is under consideration. Id. The Eleventh Circuit has explained that "[c]ross-motions for summary judgment will not, in themselves, warrant the court in granting summary judgment unless one of the parties is entitled to judgment as a matter of law on facts that are not genuinely disputed. United States v. Oakley, 744 F.2d 1553, 1555 (11th Cir. 1984). Cross-motions may, however, be probative of the absence of a factual dispute where they reflect general agreement by the parties as to the controlling legal theories and material facts. Id. at 1555-56.

B.  Discussion

As stated earlier, Williams's claim in Count Four is a vicarious liability claim against Sun Life for the alleged fraudulent actions of Collins. In order to prevail on her claim, Williams must present evidence that Collins was an employee/agent of Sun Life and not an independent contractor. "An employer generally is not responsible for torts committed by his employee when the employee exercises an independent business and in it is not subject to the immediate direction and control of the employer." Perry v. Georgia Power Co., 278 Ga. App. 759, 760, 629 S.E.2d 588, 590 (2006) (citations and quotations omitted). "In the absence of evidence of actual control, the test distinguishing an employee from an independent contractor is whether the

employer assumed the 'right to control the time, manner and method of executing the work, as distinguished from the right merely to require certain definite results in conformity to the contract.'" Fortune v. Principal Fin. Group, Inc., 219 Ga. App. 367, 369, 465 S.E.2d 698, 700 (1995) (quoting Allrid v. Emory Univ., 249 Ga. 35, 40, 285 S.E.2d 521 (1982)).

Here, it is clear from the evidence submitted[3] that Collins was an independent contractor and that Sun Life did not control the time and manner of work performed by Collins. Collins's General Agency Agreement states that Collins is an independent contractor. (Hart Aff. ¶¶ 8, 10, 11.) Collins himself states that he is an independent selling agent appointed by various insurance companies, such as Sun Life, to sell their products. (Collins Aff. ¶ 4.) The evidence shows that Collins has never been Sun Life's employee and has never executed an employment contract with Sun Life. (Collins Aff. ¶¶ 3,7; Hart Aff. ¶¶ 10, 11.) Finally, the evidence shows that Sun Life has never controlled the time, manner, or method in which Collins sells its products, including the annuities for Sun Life and other companies. (Collins Aff. ¶¶ 8-17.) Because Collins was not an employee or agent of Sun Life, Sun Life cannot be held vicariously liable for Collins' alleged acts. See Cotton States, 634 S.E.2d at 174. Thus, Sun Life is entitled to judgment as a matter of law.

## CONCLUSION

For the reasons stated above, Sun Life's Renewed Motion to Dismiss Count One of

---

[3] In support of its Motion for Summary Judgment, Sun Life presented affidavits from Collins and from Thomas Hart, Manager of Customer Service with Sun life. Williams, on the other hand, presented no evidence, by affidavit or otherwise, in response to Sun Life's Motion or in support of her cross-motion, to contradict the facts set forth by Collins and Hart outlining the relationship between Collins and Sun Life.

Williams's Counterclaim [Doc. 65] is **GRANTED**; Sun Life's Motion for Summary Judgment as to Count Four of Williams's Counterclaim [Doc. 72] is **GRANTED** while Williams's cross-Motion for Summary Judgment [Doc. 81] is **DENIED**; and Sun Life's Motion to Strike [Doc. 80] is **DENIED as moot**.

**SO ORDERED** this 18th day of March, 2008.

S/ C. Ashley Royal
C. ASHLEY ROYAL
United States District Judge

SSH/scs